IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Daniel J. Perry, | ) | Case No.: 6:20-cv-03796-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Darrell Scott Fisher, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Daniel J. Perry ("Perry" or "Plaintiff"), proceeding *pro se*, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983.

Plaintiff filed a Complaint against Darrell Scott Fisher ("Fisher" or "Plaintiff") on October 29, 2020. (DE 1.) On November 3, 2020, the Magistrate issued and Order Directing the Clerk not to authorize service because the case is subject to summary dismissal pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A.  Defendant is a state magistrate judge and has absolute judicial immunity from this civil action and should be dismissed from this case.  The Report and Recommendation was issued on November 3, 2020, recommending that Defendant's Complaint be dismissed without leave to amend and without issuance and service of process. (DE 9 p. 10.)

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

On December 1, 2020, the Court issued a text order allowing the Plaintiff fourteen days to file an amended complaint curing the deficiencies set forth in the to Report and Recommendation, or the case would be dismissed with prejudice. (DE 12.) Plaintiff failed to file an amended complaint curing the deficiencies.

The Report and Recommendation recommended that this case be dismissed without prejudice pursuant to Rule 41(a)(2), FRCP. (DE 9.) The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Complaint is summarily dismissed without leave to amend and without issuance of service of process.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
April 29, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.